**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Thomas Supranovich,

     Plaintiff(s),

v.

Juan Julio, et al.,

     Defendant(s).

Case No. 2:24-cv-00979-JAD-NJK

**Order**

[Docket No. 26]

Pending before the Court is Plaintiff's motion to compel. Docket No. 26.[1] Defendant filed a response in opposition. Docket No. 29. Plaintiff filed a reply. Docket No. 30. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **GRANTS** the motion to compel.

**I.      BACKGROUND**

Plaintiff is a prisoner bringing civil rights claims that include an alleged Eighth Amendment violation for inadequate meals. *See* Docket No. 3 at 6.[2] Plaintiff served discovery requests seeking documents as to the food orders for the prison kitchen, the invoices for the food orders, the amount of waste expected in food preparation, and the number of inmates on the main meal plan. Docket No. 29 at 2-3. Defendants objected to the requests on several grounds and refused to provide responsive documents. *See id.* Following unsuccessful conferral efforts,

---

[1] The Court liberally construes the filings of *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] The screening order construes Plaintiff's complaint as alleging "that starting in the summer of 2022, a new menu was instituted with official portions sizes that were insufficient to maintain inmates' health. Routine shortages of various items caused portions sizes to be further reduced and various items to be eliminated entirely. Defendants Dzurenda, Julio, John Doe, and Najera were all informed, either directly or through grievances, that the portion sizes were too small to maintain inmates' health and that inmates were suffering from caloric deficiency and malnutrition as a result. Supranovich suffered from fatigue, weight loss, vision and dental problems, loss of bone and muscle mass, and various other health issues as a result of malnutrition." *Id.*

1

Plaintiff filed a motion to compel. Docket No. 26. Defendant opposes the motion based solely on a relevancy argument. Docket No. 29.

## II.   STANDARDS

When a party fails to provide discovery and conferral efforts are unsuccessful, the requesting party may move to compel that discovery. Fed. R. Civ. P. 37(a). The party seeking to avoid discovery bears the burden of showing why the discovery should not be permitted. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). The party resisting discovery must specifically detail the reasons why each request is irrelevant or otherwise objectionable, and may not rely on boilerplate, generalized, conclusory, or speculative arguments. *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013). Arguments against discovery must be supported by "specific examples and articulated reasoning." *E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

Discovery must be relevant to a claim or defense. *See* Fed. R. Civ. P. 26(b)(1); *see also in re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 563-64 (D. Ariz. 2016). Relevancy for discovery purposes remains a broad concept in light of the liberal principles of discovery. *See V5 Technologies*, 334 F.R.D. at 309.[3] "District courts have broad discretion to determine relevancy for discovery purposes." *Shaw v. Experian Info. Sols., Inc.*, 306 F.R.D. 293, 296 (S.D. Cal. 2015) (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)).

## III.   ANALYSIS

The information Plaintiff seeks plainly falls within the broad concept of relevancy. The information will show both the amount of food that would be required to sustain the prison's populations and the amount of food that was actually obtained (and available considering expected waste) to do so. If insufficient food was obtained for the nutritional needs of the prison as a whole,

---

[3] The 2015 amendments to the discovery rules added focus on proportionality, including analysis of whether the cost or expense of the discovery outweighs its usefulness to the case. *See Bard IVC Filters*, 317 F.R.D. at 564-65. Defendants' responses to the subject discovery raises a proportionality objection, *see* Docket No. 29 at 2-3, but their briefing in opposition to the pending motion does not offer any argument on that issue. As such, Defendants have abandoned their proportionality objection. *See, e.g.*, *Wells v. Global Tech. Indus., Inc.*, 2022 WL 4626014, at *3 n.4 (D. Nev. Sept. 30, 2022). The Court addresses herein solely whether the discovery sought falls within the broad scope of discovery relevancy.

that would bear on Plaintiff's claim that he as a prisoner was provided insufficient food. For purposes of discovery relevancy, that is enough.[4]

**IV.    CONCLUSION**

Accordingly, the Court **GRANTS** the motion to compel. Defendants must provide the subject discovery to Plaintiff by February 12, 2026.

IT IS SO ORDERED.

Dated: January 22, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[4] It could well be that this information is of relatively slim value in Plaintiff proving his claim, but Defendants abandoned their argument as to proportionality and are arguing only that the discovery is not within the broad scope of relevancy. *See* Docket No. 29. The Court does not address whether the burden or expense of the Defendants providing this discovery outweighs its likely benefit in proving Plaintiff's claims.

3